# In the United States Court of Federal Claims

No. 09-33307

(Filed: July 20, 2023)[1]

**NOT FOR PUBLICATION**

```
***************************************
ROBERT LAWRENCE BEAVIS, et al.,     *
                                    *
              Plaintiffs,           *     RCFC 12(b)(1); Lack of Subject-
                                    *     Matter Jurisdiction; Federal Insurance
       v.                           *     Contributions Act ("FICA"); Tax
                                    *     Refund Claim; Statute of Limitations;
THE UNITED STATES,                  *     I.R.C. § 6511; Pro Se.
                                    *
              Defendant.            *
***************************************
```

*Eugene R. Biscailuz*, West Hills, CA, proceeding *pro se*.

*Emily Van Dam*, U.S. Department of Justice, Tax Division, Washington, DC, counsel for Defendant.

**MEMORANDUM OPINION AND ORDER**

**DIETZ, Judge.**

      Eugene R. Biscailuz is one of several retired United Airlines pilots seeking a refund of Federal Insurance Contributions Act ("FICA") taxes paid at the time of their respective retirements. On October 17, 2022, the government moved to dismiss Mr. Biscailuz's claim for lack of subject-matter jurisdiction pursuant to Rule 12(b)(1) of the Rules of the United States Court of Federal Claims ("RCFC"). Def.'s Mot. to Dismiss [ECF 7]. In its motion, the government explains that, on review of the available evidence, it appears that Mr. Biscailuz retired in 2002, and that he does not have a timely tax refund claim like the other plaintiffs in this case. *Id.* at 1 n.1. Therefore, the government filed a separate motion to dismiss addressing only Mr. Biscailuz's complaint.[2] Mr. Biscailuz opposes the government's motion to dismiss on the same grounds raised by the plaintiffs who timely filed their tax refund claims. *See* Timely Pls.'s Resp. to Def.'s Mot. to Dismiss [ECF 11]. The government's motion to dismiss is fully briefed, and the Court has determined that oral argument is not necessary.

---

[1] To promote clarity and transparency, the Court also filed this Memorandum Opinion and Order in *Koopmann, et al. v. United States*, 09-333.

[2] The government filed a motion to dismiss the complaints of the other plaintiffs in this case, each of whom timely filed a tax refund request, two days after the government filed its motion to dismiss Mr. Biscailuz's complaint. *See* Def.'s Mot. to Dismiss Timely Pls. [ECF 8].

On June 2, 2023, the Court issued a Memorandum Opinion and Order dismissing the complaints of the United Airlines pilots who retired in 2002. *See Adams, et. al v. United States*, 09-33305, 2023 WL 3792547 (Fed. Cl. June 2, 2023). Because the evidence shows that Mr. Biscailuz retired in 2002, like the plaintiffs in *Adams*, the Court concludes that it lacks subject matter jurisdiction over his claim for the same reasons set forth in *Adams*.[3]

Eugene R. Biscailuz retired from United Airlines on April 1, 2002. More Definite Statement for Eugene R. Biscailuz [ECF 6-1] at 2. At the time of his retirement, Mr. Biscailuz's non-qualified deferred compensation benefits were estimated to be valued at $683,889.53 with a FICA tax assessment of $9,916.40. *Id*. at 3. Due to the United Airlines bankruptcy, he received only $179,815.44 of the benefits. *Id*. a 2. Mr. Biscailuz filed a refund claim of $7,309.18 with the IRS for the Hospital Insurance ("HI") portion of the FICA tax. *Id*. at 1. His refund claim was dated May 1, 2007, and postmarked for mailing to the IRS on May 2, 2007. *Id*. at 1, 9.

As explained in *Adams*, this Court possesses jurisdiction over claims for tax refunds provided the plaintiff meets certain jurisdictional requirements. *See* 28 U.S.C. § 1346(a)(1); I.R.C. § 7422(a); *United States v. Clintwood Elkhorn Mining Co.*, 553 U.S. 1, 4, 14 (2008). One of those requirements is that the plaintiff must timely file a refund claim with the Secretary of the Treasury before proceeding with a refund suit in this Court. *See* I.R.C. § 7422(a); *Sun Chem. Corp. v. United States*, 698 F.2d 1203, 1206 (Fed. Cir. 1983) ("[I]t is a well-established rule that a timely, sufficient claim for refund is a jurisdictional prerequisite to a refund suit"); *see also Greene v. United States*, 191 F.3d 1341, 1343 (Fed. Cir. 1999). Under I.R.C. § 6511, a federal tax refund claim must be filed "by the taxpayer within 3 years from the time the return was filed or 2 years from the time the tax was paid, whichever of such periods expires the later[.]" I.R.C. § 6511(a). Thus, as detailed in *Adams*, the United Airlines pilots who retired in 2002 were required by I.R.C. § 6511 to file their refund claims with the IRS by April 15, 2006—which is the later date of three years from the time that United Airlines filed the return and two years from the time when United Airlines paid the tax. *See Adams*, 2023 WL 3792547, at *11. Mr. Biscailuz did not file his refund claim until May 2, 2007. *See* [ECF 6-1] at 1, 9. Because Mr. Biscailuz's tax refund claim was not timely filed as required by § 6511, the Court lacks jurisdiction to consider his tax refund suit, and his complaint must be dismissed.[4]

Accordingly, the government's motion to dismiss [ECF 7] is **GRANTED**. Eugene R. Biscailuz's complaint is **DISMISSED**. Pursuant to RCFC 54(b), there being no just reason for delay, the Clerk is **DIRECTED** to enter judgment against Mr. Biscailuz.

**IT IS SO ORDERED.**

s/ Thompson M. Dietz<br>THOMPSON M. DIETZ, Judge

---

[3] The 2002 Plaintiffs in *Adams* raise the same arguments in opposition to the government's motion to dismiss as the Mr. Biscailuz raises in this case. *See* [ECF 46] at 1; [ECF 49]; 2002 Pls.'s Resp. to Def.'s Mot to Dismiss, *Adams, et al. v. United States*, No. 09-33305 [ECF 54] at 1.

[4] With respect to the "additional arguments" regarding jurisdiction raised by Mr. Biscailuz in opposition to the government's motion to dismiss, *see* [ECF 11] at 1, the Court rejected these arguments in *Anderson, et al. v. United States*, when it dismissed untimely plaintiffs who signed onto the same response as Mr. Biscailuz. *See* 09-33306, 2023 WL 4057561, at *11 n.21 (Fed. Cl. June 13, 2023).