# In the United States Court of Federal Claims

No. 09-33307
(Filed: July 20, 2023)[1]

**NOT FOR PUBLICATION**

```
*****************************************
ROBERT LAWRENCE BEAVIS, et al.,      *
                                      *
              Plaintiffs,             *       RCFC 12(b)(1); RCFC 12(b)(6);
                                      *       Federal Insurance Contributions Act
       v.                             *       ("FICA"); Tax Refund Claim; Excise
                                      *       Tax; Vagueness; Unjust Enrichment;
THE UNITED STATES,                    *       Pro Se.
                                      *
              Defendant.              *
*****************************************
```

*Robert L. Beavis*, Juno Beach, FL; *Alan G. Chesterman*, Orinda, CA; *Gary W. Davis*, Sonoma, CA; *Joan Donohue (on behalf of Todd Donohue)*, Sparta, NJ; *Allen V. Harinck*, Highlands, CO; *Randolph K. Hinz, Jr.*, Petaluma, CA; *Gerald J. Innella*, Pittstown, NJ; *Richard Kaapuni*, Honolulu, HI; *Kenneth N. Olson*, Dover, NH; *David E. Ott*, Incline Village, NV; *Gaetan A. Passannante*, Boring, OR; *Joshua S. Rabinowitz*, Goodyear, AZ; *Diana L. Raymond*,[2] Scottsdale, AZ; *William J. Rogalski*, Meadow Vista, CA; *Jerome J. Schuck*, Carlsbad, CA; *James W. Schultz, Jr.*, Dover, DE; *Thomas F. Spayd*, Florence, OR; and *William A. Taylor*, Napa, CA; each proceeding *pro se*.

*Emily Van Dam*, U.S. Department of Justice, Tax Division, Washington, DC, counsel for Defendant.

---

[1] To promote clarity and transparency, the Court also filed this Memorandum Opinion and Order in *Koopmann, et al. v. United States*, 09-333.

[2] Upon review of the documents in *Anderson, et al v. United States*, No. 09-33306, it became clear that Ms. Raymond, in addition to representing her late husband, also filed an independent claim for a tax refund. *See Anderson, et al. v. United States*, No. 09-33306 [ECF 35] at 2. Ms. Raymond completed a separate plaintiff information sheet, *see* Diana Raymond Pl. Info. Sheet, *Koopmann, et al. v. United States*, No. 09-333 [ECF 61] at 133-13, and she filed a separate tax refund claim, *see Anderson*, No. 09-33306 [ECF 35] at 2. However, due to an administrative error, Ms. Raymond's claim was never considered apart from her late husband's claim. Upon review of Ms. Raymond's documents, it appears that Ms. Raymond retired from United Airlines on November 1, 2004, *see Anderson*, 09-33306, [ECF 35] at 2, and that she timely filed her tax refund claim with the Internal Revenue Service. *See* I.R.C. § 6511. Thus, her complaint is properly addressed in this case. Although Ms. Raymond was not subject to the government's motion to dismiss filed in this case, *see* Def.'s Mot. to Dismiss [ECF 8], the Court may *sua sponte* consider both whether it possesses subject matter jurisdiction over a claim and whether a plaintiff has failed to state a claim. *See* RCFC 12(h)(3); *Anaheim Gardens v. United States*, 444 F.3d 1309, 1315 (Fed. Cir. 2006) (stating that a court may *sua sponte* dismiss a complaint pursuant to RCFC 12(b)(6)). Accordingly, the Court will analyze and determine whether it has subject matter jurisdiction over Ms. Raymond's tax refund suit and whether she has adequately stated a claim for relief as part of its consideration of the government's motion to dismiss.

**MEMORANDUM OPINION AND ORDER**

**DIETZ, Judge.**

Eighteen United Airlines pilots—each proceeding *pro se*—timely filed[3] tax refund claims with the Internal Revenue Service ("IRS") seeking refunds of Federal Insurance Contributions Act ("FICA") taxes paid at the time of their respective retirements based on the estimated value of their nonqualified deferred compensation plans.[4] However, the IRS denied each of their refund claims, and the plaintiffs each filed a tax refund suit in this Court. Before the Court is the government's motion to dismiss the individual complaints of the plaintiffs for lack of subject-matter jurisdiction pursuant to Rule 12(b)(1) of the Rules of the United States Court of Federal Claims ("RCFC") and for failure to state a claim upon which relief can be granted pursuant to RCFC 12(b)(6). Because the plaintiffs fail to identify any source of law that entitles them to a refund, the government's motion to dismiss is **GRANTED**.

**I.     BACKGROUND**

A FICA tax is "imposed on the income of every individual" by the United States government, and it is used by the government to fund federal benefits, such as Social Security and Hospital Insurance ("HI"). *See* I.R.C. § 3101; 26 C.F.R. § 31.3121(a)-2. Although the FICA tax is generally paid when the employee receives wages, wages under a nonqualified deferred compensation plan—the type of plan at issue in this case—are subject to a "special timing rule[.]" *See* I.R.C. § 3121(a); 26 C.F.R. § 31.3121(v)(2)-1; *Balestra v. United States*, 803 F.3d 1363, 1366 (Fed. Cir. 2015). Under the special timing rule, the FICA tax on wages deferred under a nonqualified deferred compensation plan is paid on "[t]he date on which services creating the right to the amount deferred are performed" or "[t]he date on which the right to the amount deferred is no longer subject to a substantial risk of forfeiture[,]" whichever is latest. 26 C.F.R. § 31.3121(v)(2)-1(e)(1). Furthermore, for a non-account balance plan—the type of nonqualified deferred compensation plan held by each of the plaintiffs—the FICA tax is not required to be paid until "the first date on which all the amount deferred is reasonably ascertainable (the resolution date)." 26 C.F.R. § 31.3121(v)(2)-1(e)(4)(i)(A). A deferred amount is "considered reasonably ascertainable on the first date on which the amount, form, and commencement date of the benefit payments attributable to the amount deferred are known[.]" *Id.* § 31.3121(v)(2)-1(e)(4)(i)(B). The deferred amount is taxed at "present value," which is computed with reference to actuarial projections for life expectancy and a discount rate which accounts for the time value of money but does not account for the risk of employer default. *See* 26 C.F.R. § 31.3121(v)(2)-1(c)(2)(ii); *Koopmann v. United States*, 150 Fed. Cl. 299, 302 (2020) (citing *Balestra*, 803 F.3d at 1371).

---

[3] The government does not challenge the timeliness of the tax refund claims of the plaintiffs in this case. *See* Def.'s Mot. to Dismiss [ECF 8] at 3 n.2.

[4] The plaintiffs in this case are: Robert L. Beavis; Alan G. Chesterman; Gary W. Davis; Joan Donohue (on behalf of Todd Donohue); Allen V. Harinck; Randolph K. Hinz, Jr.; Gerald J. Innella; Richard Kaapuni; Kenneth N. Olson; David E. Ott; Gaetan A. Passannante; Joshua S. Rabinowitz; Diana L. Raymond; William J. Rogalski; Jerome J. Schuck; James W. Schultz, Jr.; Thomas F. Spayd; and William A. Taylor.

Each of the plaintiffs is a former United Airlines pilot who contributed to a nonqualified deferred compensation retirement plan while employed at United Airlines. Compl., *Koopmann, et al. v. United States*, No. 09-333 [ECF 1] at 1[5] [hereinafter *Koopmann* Compl.]; Compl. *Sofman, et al. v. United States*, No. 10-157 [ECF 1] at 5 [hereinafter *Sofman* Compl.]. Pursuant to I.R.C. § 3121(v)(2), upon each plaintiff's retirement, United Airlines paid the applicable FICA taxes on the expected value of the benefits for each of their nonqualified deferred compensation plans. *Koopmann* Compl. at 4; *Sofman* Compl. at 5. However, United Airlines filed for bankruptcy and its obligations to pay the full benefits under the nonqualified deferred compensation plans was discharged during the bankruptcy proceedings.[6] *See Koopmann* Compl. at 4; *Sofman* Compl. at 5. As a result of the United Airlines bankruptcy, none of the plaintiffs received the full amount of their expected benefits. *Koopmann* Compl. at 4; *Sofman* Compl. at 5. Each of the plaintiffs subsequently filed a tax refund claim with the IRS arguing that they should have paid FICA taxes based only on the amount of benefits received from their nonqualified deferred compensation plans, not on the expected value of their plans at the time of retirement. *Koopmann* Compl. at 5; *Sofman* Compl. at 6. The IRS denied each of their claims on the grounds that there was "no basis in law" for a refund. *Koopmann* Compl. at 5; *Sofman* Compl. at 6.

The plaintiffs are among a larger group of retired United Airlines pilots seeking a refund of FICA taxes. Another retired United Airlines pilot, William Koopmann, proceeding *pro se*, filed a tax refund claim in this Court on May 26, 2009, in which he similarly sought a refund of the HI portion of the FICA tax paid in connection with his nonqualified deferred compensation benefits.[7] *See* Compl., *Koopmann*, No. 09-333 [ECF 1]. Thereafter, on March 12, 2010, Peter Sofman, another retired United Airlines pilot, filed a separate *pro se* tax refund claim seeking a refund of FICA taxes. *See* Compl., *Sofman*, No. 10-157 [ECF 1].

Mr. Koopmann and Mr. Sofman collectively sought to include over 160 other retired United Airlines pilots as plaintiffs in their respective cases, including the plaintiffs in this case. *See Koopmann*, No. 09-333 [ECF 1] at 1-2; *Sofman*, No. 10-157 [ECF 1] at 1. The Court allowed each retired pilot to join the *Koopmann* and *Sofman* cases as individual *pro se* plaintiffs. *See* May 26, 2010 Order, *Koopmann*, No. 09-333 [ECF 62]; May 26, 2010 Order, *Sofman*, No. 10-157 [ECF 77]. The Court ultimately consolidated the *Koopmann* and *Sofman* cases under *Koopmann*. *See* Jul. 23, 2021 Order, *Koopmann*, No. 09-333 [ECF 565] at 3; Jul. 23, 2021 Order *Sofman,* 10-157 [ECF 265] at 3. In an opinion issued on September 30, 2020, the Court dismissed Mr. Koopmann's complaint for lack of subject matter jurisdiction because the Court found that his tax refund claim was not timely filed with the IRS and thus his complaint was time-barred by § 6511. *Koopmann*, 150 Fed. Cl. at 304. Mr. Koopmann appealed, and the

---

[5] All page numbers in the parties' filings refer to the page number generated by the CM/ECF system.

[6] The United States Court of Appeals for the Seventh Circuit approved United Airlines' reorganization following its bankruptcy in 2006. *See In re UAL Corp.*, 468 F.3d 444 (7th Cir. 2006).

[7] This case was reassigned to the undersigned on January 12, 2021. *See* Jan. 12, 2021 Order, *Koopmann, et al. v. United States*, No. 09-333 [ECF 393].

Federal Circuit affirmed the dismissal of his complaint. *Koopmann v. United States*, No. 2021-1329, 2022 WL 1073340 (Fed. Cir. Apr. 11, 2022).[8]

Despite the dismissal of Mr. Koopmann's complaint, many of the retired pilots who joined the *Koopmann* case remained active in the litigation and continued to prosecute their complaints. To ensure that each plaintiff provided the necessary information to support their individual tax refund claim in this Court pursuant to RCFC 9(m), the Court required each individual plaintiff to file a short form complaint. *See* Jan. 12, 2021 Order, *Koopmann*, No. 09-333 [ECF 391] at 12-13; Jan. 12, 2021 Order, *Sofman*, No. 10-157 [ECF 232] at 12-13. Each of the plaintiffs in this case filed a short form complaint. *See* Robert L. Beavis Short Form Compl., *Koopmann* No. 09-333 [ECF 446]; Alan G. Chesterman Short Form Compl., *Koopmann* No. 09-333 [ECF 481]; Gary W. Davis Short Form Compl., *Koopmann* No. 09-333 [ECF 439]; Joan Donohue Short Form Compl., *Koopmann* No. 09-333 [ECF 469]; Allen V. Harinck Short Form Compl., *Koopmann* No. 09-333 [ECF 497]; Randolph K. Hinz Short Form Compl., *Koopmann* No. 09-333 [ECF 505]; Gerald J. Innella Short Form Compl., *Koopmann* No. 09-333 [ECF 493]; Richard Kaapuni Short Form Compl., *Sofman*, 10-157 [ECF 241]; Kenneth N. Olson Short Form Compl., *Koopmann* No. 09-333 [ECF 429]; David E. Ott Short Form Compl., *Koopmann* No. 09-333 [ECF 459]; Gaetan A. Passannante Short Form Compl., *Koopmann* No. 09-333 [ECF 489]; Joshua S. Rabinowitz Short Form Compl., *Koopmann* No. 09-333 [ECF 463]; Diana L. Raymond Short Form Compl., *Koopmann* No. 09-333 [ECF 482]; William J. Rogalski Short Form Compl., *Koopmann* No. 09-333 [ECF 440]; Jerome J. Schuck Short Form Compl., *Koopmann* No. 09-333 [ECF 480]; James W. Schultz Short Form Compl., *Koopmann* No. 09-333 [ECF 432]; Thomas F. Spayd Short Form Compl., *Koopmann* No. 09-333 [ECF 491]; William A. Taylor Short Form Compl., *Koopmann* No. 09-333 [ECF 546].

For case management purposes, the Court used the information contained in the short form complaints to organize the remaining individual plaintiffs into nine groups based upon retirement year and to sever each group into a separate case. *See Koopmann,* No. 09-333 [ECF 565]; *Sofman*, No. 10-157 [ECF 265]. As plaintiffs who appeared to have timely filed their tax refund claims with the IRS, plaintiffs Beavis, Chesterman, Donohue, Harinck, Hinz, Innella, Olson, Ott, Rabinowitz, Schuck, Schultz, and Taylor were assigned to the instant case. *See id*. at 4. The Court transferred the complaints of plaintiffs Davis, Kaapuni, Passannante, Rogalski, and Spayd to this case after the government discovered the necessary information relating to their respective tax refund claims. *See* Oct. 15, 2021 Order, *Koopmann*, No. 09-333 [ECF 571]; Jan. 4, 2022 Order, *Barnes, et al. v. United States*, No. 09-33308 [ECF 12]; Aug 18, 2022 Order, *Barnes*, No. 09-33308 [ECF 26]. On October 19, 2022, the government moved to dismiss the complaints of the plaintiffs in this case for lack of subject-matter jurisdiction pursuant to RCFC 12(b)(1) and for failure to state a claim pursuant to RCFC 12(b)(6). Def.'s Mot. to Dismiss [ECF 8]. The plaintiffs each signed onto a combined response, which was filed on December 20, 2022. Pls.' Resp. [ECF 11]. The government filed its reply on January 17, 2023. Def.'s Reply [ECF 13]. The Court has reviewed the briefing and determined that oral argument is not necessary.

---

[8] The Court also dismissed the tax refund claim of another plaintiff, William Brashear, on the same grounds and same day as Mr. Koopmann, *see Koopmann v. United States*, 150 Fed. Cl. 290, 299 (2020), and this dismissal was also upheld by the Federal Circuit in *Koopmann*. *See* 2022 WL 1073340, at *7.

## II.    LEGAL STANDARDS

A motion to dismiss for lack of subject-matter jurisdiction challenges the court's "general power to adjudicate in specific areas of substantive law[.]" *Palmer v. United States*, 168 F.3d 1310, 1313 (Fed. Cir. 1999); *see also* RCFC 12(b)(1). When considering a motion to dismiss for lack of jurisdiction, the Court "must accept as true all undisputed facts asserted in the plaintiff's complaint and draw all reasonable inferences in favor of the plaintiff." *Trusted Integration, Inc. v. United States*, 659 F.3d 1159, 1163 (Fed. Cir. 2011). If a motion to dismiss for lack of subject-matter jurisdiction challenges the truth of the jurisdictional facts alleged, the Court may consider relevant evidence outside the complaint when resolving the dispute. *See Reynolds v. Army & Air Force Exch. Serv.*, 846 F.2d 746, 747 (Fed. Cir. 1988); *Engage Learning v. Salazar*, 660 F.3d 1346, 1355 (Fed. Cir. 2011). A plaintiff has the burden to establish jurisdiction by a preponderance of the evidence. *Brandt v. United States*, 710 F.3d 1369, 1373 (Fed. Cir. 2013).

A motion to dismiss a claim pursuant to RCFC 12(b)(6) challenges the court's ability to "exercise its general power with regard to the facts peculiar to the specific claim." *Palmer*, 168 F.3d at 1313. When deciding a motion to dismiss for failure to state a claim upon which relief may be granted, the Court likewise construes the complaint's allegations in favor of the plaintiff. RCFC 12(b)(6); *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974), *abrogated on other grounds by Harlow v. Fitzgerald*, 457 U.S. 800, 814-15 (1982). The court must inquire whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In other words, the court must assess whether "a claim has been stated adequately" and whether "it may be supported by [a] showing [of] any sets of facts consistent with the allegations in the complaint." *Twombly*, 550 U.S. at 563.

The Court liberally construes pleadings from *pro se* plaintiffs. *See Ottah v. Fiat Chrysler*, 884 F.3d 1135, 1141 (Fed. Cir. 2018). The leniency afforded *pro se* plaintiffs, however, does not give the court "discretion to bend . . . [or] take a liberal view of jurisdictional requirements for *pro se* litigants[.]" *Stanley v. United States*, 107 Fed. Cl. 94, 98 (2012). *Pro se* plaintiffs must still establish the court's jurisdiction by a preponderance of the evidence. *See Spengler v. United States*, 688 F. App'x 917, 920 (Fed. Cir. 2017); *see also Kelley v. Sec'y, U.S. Dep't of Labor*, 812 F.2d 1378, 1380 (Fed. Cir. 1987).

## III.    DISCUSSION

The government moves to dismiss the plaintiffs' complaints arguing that their "tax-refund claims are without legal merit and either fail to state a claim upon which relief can be granted or seek relief over which this Court lacks subject-matter jurisdiction." [ECF 8] at 6. The government contends that the "IRS properly applied FICA taxes to plaintiffs' compensation under United Airlines' nonqualified deferred compensation plans in the year that each plaintiff retired, rather than when the deferred compensation was later paid" and that "this application of FICA taxes to deferred compensation did not violate the Constitution." *Id.* at 7. The government further contends that the plaintiffs cannot recover under any of their other theories. *Id*. The Court

agrees that the IRS properly applied the relevant FICA taxes to the plaintiffs' nonqualified deferred compensation plans, that the application of the FICA taxes to plaintiffs' plans was not unconstitutional, and that, therefore, the plaintiffs' have failed to provide a plausible claim to a tax refund.

The plaintiffs challenge that I.R.C. § 3121(v)(2) is unconstitutional because it allowed the government to collect the HI portion of FICA taxes on their nonqualified deferred compensation plans before they received their benefits. *See* [ECF 11] at 3. For the HI portion of the FICA tax, I.R.C. § 3101(b)(1) "impose[s] on the income of every individual a tax equal to 1.45 percent of the wages . . . received by him with respect to employment." I.R.C. 3121(v)(2), also referred to as the special timing rule, proscribes the specific collection procedures for FICA taxes on nonqualified deferred compensation plans. Under I.R.C. § 3121(v)(2)(A), FICA taxes on nonqualified deferred compensation plans are collected at the later of either "when the services are performed" or "when there is no substantial risk of forfeiture of the rights to such amount." This means that FICA taxes can be collected on nonqualified deferred compensation plans before the benefits are received, such as upon retirement. *See Balestra v. United States*, 119 Fed. Cl. 109, 116 (2014) *aff'd* 803 F.3d 1363 (2015). Relying on the word "income" in § 3101(b)(1), the plaintiffs argue that the FICA tax is an income tax, not an excise tax. On this basis, they argue that "[p]roposed income, or 'rights' to income, cannot be characterized as income and are not subject to taxation per . . . the <u>16th Amendment to the Constitution</u>, which allowed Congress to tax <u>income</u> from whatever source derived, but not 'rights' to promised compensation." *Koopmann* Compl. at 11; *Sofman* Compl. at 12 (emphasis in original); *see also* [ECF 11] at 3. In essence, the plaintiffs argue that § 3121(v)(2) is unconstitutional because it collects an income tax on deferred benefits prior to the benefits being received as income. [ECF 11] at 3 (arguing that "income-taxing of rights to income, and not income, violated [p]laintiffs' rights").

This argument is unpersuasive. Despite the use of the word "income" in § 3101(b)(1), it is well-established that a FICA tax is an excise tax,[9] not an income tax. *See United States v. Fior D'Italia, Inc.*, 536 U.S. 238, 240 (2002) ("The tax law imposes, not only on employees, but also 'on every employer,' an 'excise tax,' i.e., a FICA tax, in an amount equal to a percentage "of the wages . . . paid by him with respect to employment.""); *United States v. Cleveland Indians Baseball Co.*, 532 U.S. 200, 204 (2001) ("[FICA] . . . impose[s] excise taxes on employee wages to fund Social Security, Medicare, and unemployment compensation programs."); *Xianli Zhang v. United States*, 640 F.3d 1358, 1366 (Fed. Cir. 2011) ("FICA is unquestionably a law that imposes excise taxes to support Social Security."). The Supreme Court has held that the use of the wrong label for a tax does not invalidate the tax. *See Nat'l Fed'n of Indep. Bus. v. Sebelius*, 567 U.S. 519, 569 (2012). Additionally, the Sixteenth Amendment is not the only source of Congress' taxing power. Congress has the power to collect excise taxes under Article I, Section 8, Clause 1, which states:

> The Congress shall have Power To lay and collect Taxes, Duties, Imposts and *Excises*, to pay the Debts and provide for the common Defence and general Welfare of the United States; but all Duties, Imposts and Excises shall be uniform throughout the United States.

---

[9] An excise tax is a "tax imposed on the manufacture, sale, or use of goods (such as a cigarette tax), or on an occupation or activity (such as a license tax or an attorney occupation fee)."

U.S. Const. art. I, § 8, cl. 1 (emphasis added). Thus, FICA taxes, as excise taxes, are expressly included in Congress' taxing power under the Constitution.[10] *See Balestra*, 119 Fed. Cl. at 114 (2014) (stating that Congress "can label a tax as falling on 'income' even if the tax would not be authorized under the Sixteenth Amendment, provided it is otherwise lawful (for instance, as an excise tax under Article I, Section 8)" (citing *Murphy v. IRS*, 493 F.3d 170, 173 (D.C. Cir. 2007)). The plaintiffs have provided no grounds for the Court to depart from these authorities, which establish that FICA taxes are excise taxes, and that Congress has the power to collect excise taxes. For these reasons, the plaintiffs' challenge to the constitutionality of I.R.C. § 3121(v)(2) does not provide a plausible basis for a tax refund.

The plaintiffs raise several other arguments, which are unavailing. First, the plaintiffs appear to assert that I.R.C. § 3121(v)(2) is unconstitutionally vague. A statutory scheme is unconstitutionally vague when it is "so vague and indefinite as really to be no rule or standard at all." *Boutilier v. I.N.S.*, 387 U.S. 118, 123 (1967). I.R.C. § 3121(v)(2) is not "so vague and indefinite" such that it serves as no rule at all. This is supported by the fact that the Federal Circuit previously upheld the IRS's application of the special timing rule under § 3121(v)(2) to permit collection of FICA taxes on benefits under a nonqualified deferred compensation plan at the time of retirement before the benefits are received. *See Balestra*, 803 F.3d at 1373-74 (Fed. Cir. 2015). Given the nature of this statute, it does not need to be precise to avoid being rendered unconstitutionally vague. *Village of Hoffman Estates v. Flipside, Hoffman Estates, Inc.*, 455 U.S. 489, 499 (1982) (stating that "[t]he degree of vagueness that the Constitution tolerates . . . depends in part on the nature of the enactment."). Thus, the plaintiffs' argument that I.R.C. § 3121(v)(2) is unconstitutionally vague does not provide a plausible basis for a tax refund. *See Fang Lin Ai v. United States*, 809 F.3d 503, 516 (9th Cir. 2015) (stating that "having a colorable argument that FICA taxes do not apply does not render the statute unconstitutionally vague").

Next, the plaintiffs assert that "[f]ailure to return taxes on income never received, and with no future possibility of receipt, constitutes Unjust Enrichment to the government." *Koopmann* Compl. at 12; *Sofman* Compl. at 13. "An unjust enrichment claim is an equitable implied-in-law contract claim." *Copar Pumice Co., Inc. v. United States*, 112 Fed. Cl. 515, 538 (2013). The Tucker Act—which defines this Court's jurisdiction—does not waive sovereign immunity for claims that are implied-in-law. *See Hercules, Inc. v. United States*, 516 U.S. 417, 423 (1996). Therefore, this Court lacks jurisdiction over claims of unjust enrichment. *See Jarurn Invs., LLC v. United States*, 144 Fed. Cl. 255, 262 (2019); *8x8, Inc. v. United States*, 854 F.3d 1376, 1383 n.7 (Fed. Cir. 2017).

---

[10] Plaintiffs argue that their benefits could not be taxed as income because they do not meet the definition of income in *Comm'r of Internal Revenue. v. Glenshaw Glass Co.*, 348 U.S. 426 (1955) and *Westpac Pac. Food. v. Comm'r of Internal Revenue*, 451 F.3d 970 (9th Cir. 2006). *See Koopmann* Compl. at 10; *Sofman* Compl. at 12; [ECF 11] at 4. Neither case is applicable to the issues before the Court. Both cases focus on whether compensation for certain business actions met the statutory definition of "gross income." *See Glenshaw Glass*, 348 U.S. at 431 (holding that money received as part of settlement for fraud and anti-trust violation, met the statutory definition of gross income); *Westpac*, 451 F.3d at 977 (finding that cash paid in advance by a wholesaler in exchange for a volume commitment did not meet the statutory definition of gross income). As discussed above, the tax imposed in this case is an excise tax, not an income tax. Furthermore, both cases dealt with the statutory definition of income, not the constitutional limits of Congress' taxing power.

Lastly, the plaintiffs argue that they are entitled to a tax refund because, while their IRS tax refund claims were pending, the IRS Chief Counsel published advice on the legal issues surrounding the United Airlines pilots' tax refund claims, and, as a result, the plaintiffs fear that their tax refund claims were not independently reviewed by the IRS appeals officers. *Koopmann* Compl. at 15-16; *Sofman* Compl. at 7, 13-14. These fears are unfounded because this Court reviews tax refund claims *de novo* and "independently decide[s] whether the plaintiff is owed a refund." *Sapir v. United States*, 154 Fed. Cl. 587, 590 (2021). Thus, whether the independence of the IRS appeals officers was impacted by the IRS Chief Counsel's advice is irrelevant to this Court's determination of the plaintiffs' entitlement to a tax refund. *See Lewis v. Reynolds*, 284 U.S. 281, 283 (1932) ("[T]he ultimate question presented for decision, upon a claim for refund, is whether the taxpayer has overpaid his tax.").[11] [12]

## IV.     CONCLUSION

The plaintiffs fail to assert a plausible claim for a tax refund upon which this Court can grant relief. The collection of FICA taxes on a nonqualified deferred compensation plan pursuant to I.R.C. § 3121(v)(2) is not unconstitutional. Further, as the Federal Circuit has already decided, the IRS properly collected the relevant FICA taxes on the plaintiffs' nonqualified deferred compensation plans pursuant to IRC § 3121(v)(2). *See Balestra*, 803 F.3d at 1373. Because the plaintiffs fail to identify any authority or other grounds that plausibly entitles them to a tax refund, their complaints must be dismissed.

For these reasons, the government's motion to dismiss [ECF 8] is **GRANTED**. The complaints of Robert L. Beavis; Alan G. Chesterman; Gary W. Davis; Joan Donohue (on behalf of Todd Donohue); Allen V. Harinck; Randolph K. Hinz, Jr.; Gerald J. Innella; Richard Kaapuni; Kenneth N. Olson; David E. Ott; Gaetan A. Passannante; Joshua S. Rabinowitz; Diana L. Raymond; William J. Rogalski; Jerome J. Schuck; James W. Schultz, Jr.; Thomas F. Spayd; and William A. Taylor are **DISMISSED**. The Clerk is **DIRECTED** to enter judgment against these plaintiffs and to close this case.

**IT IS SO ORDERED.**

                                             s/ Thompson M. Dietz
                                             THOMPSON M. DIETZ, Judge

---

[11] In their combined response to the government's motion to dismiss, the plaintiffs adopt the same arguments raised by Mr. Biestek and the 2000 Plaintiffs in their responses to the government's motion to dismiss filed in their cases. *See* [ECF 11] at 1 (stating that they "affirm[] the Biestek arguments, as well as the arguments in the previous joint responses for [the 1999 Plaintiffs, 2000 Plaintiffs, 2001 Plaintiffs, and 2002 Plaintiffs]."). The Court considered and rejected these arguments in *Biestek* and *DiCicco*. *See Biestek v. United States*, 09-33301, 2022 WL 17975973 (Fed. Cl. Dec. 28, 2022) at \*4-5; *DiCicco, et al. v. United States*, 09-33303, 2023 WL 3064016 (Fed. Cl. Apr. 24, 2023) at \*6-7. For the same reasons stated in *Biestek* and *DiCicco*, the Court rejects these arguments in this case.

[12] The plaintiffs also challenge the applicability of I.R.C. § 6511 to argue that their tax refund claims were timely. *See Koopmann* Compl. at 13-14; *Sofman* Compl. at 14-16. These arguments are irrelevant because it is undisputed that the plaintiffs in this case timely filed their tax refund claims.